### In re WALLACE'S ESTATE.

(Surrogate's Court, New York County. October 24, 1914.)

TAXATION (§ 867*)—TRANSFER TAX—PROPERTY TAXABLE.

 About six weeks prior to the death of decedent, a resident of New Jersey, he sold his interest in a copartnership which had its principal place of business in New York, receiving as a part of the consideration certain notes of the firm indorsed by the continuing partner, which became due after decedent's death and were paid to his widow as the holder and owner thereof. She submitted to the appraiser an affidavit, alleging that decedent at the time of his death did not own any property in New York, and the notes were paid to the widow individually. *Held* insufficient to justify an assessment of the notes for transfer taxation as property of decedent in New York.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*]

Judicial settlement of the estate of Theodore C. Wallace, deceased. Testator's widow appeals from an order assessing a tax of $700 on her alleged interest in the estate. Reversed.

Charles H. Beckett, of New York City (Edwin C. Mulligan, of New York City, of counsel), for appellant.

Charles M. Russell, of New York City (Edmond C. Alger, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is an appeal by the widow of the decedent from an order which assessed a tax of $700 upon her alleged interest in his estate. The decedent, who was a resident of New Jersey, died on the 18th of December, 1899. About six weeks before his death he sold his interest in a copartnership which had its principal place of business in this city. Part of the consideration for this interest consisted of promissory notes. These notes were made by Ogden & Wallace, the firm to which the decedent sold his interest, were payable to themselves, and were indorsed by the firm and by Charles W. Ogden individually. The notes became due after the death of the decedent, and they were paid at maturity to Lucy E. Wallace, as the holder and owner thereof. Lucy E. Wallace was the widow of the decedent. She submitted to the appraiser an affidavit in which she alleged that the decedent at the time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his death did not own any property, real or personal, in the state of New York. The appraiser states in his report that he "appraised the estate of, Theodore C. Wallace within the state of New York, subject to tax in this proceeding, as follows: Personal estate in the state of New York, notes of Ogden & Wallace, New York, N. Y., $70,000."

There was no evidence whatever before the appraiser that the decedent at the time of his death was the owner of the notes mentioned in the report. On the contrary, the affidavit submitted to him by the widow of the decedent and the testimony taken before him show that at the time of decedent's death he did not own any personal property in this state. The notes made by Ogden & Wallace were not paid to Lucy E. Wallace as executrix, or in a representative capacity of any kind, but individually. The finding of the appraiser is without any evidence to sustain it, and it must be set aside. Even if it be assumed that the appraiser intended to find that the notes were taxable in this state as a gift from the decedent to his wife in contemplation of his death, such a finding could not be sustained, as there was no evidence before him to warrant it. There was no proof of such a gift. The possession of the notes by the decedent's widow is as consistent with the theory that she became the owner of them for a valuable consideration as that she received them as a gift from her husband. A gift will not be presumed. It must be established by evidence that is clear and convincing. Tompkins v. Leary, 134 App. Div. 114, 118 N. Y. Supp. 810; Devlin v. Greenwich Bank, 125 N. Y. 756, 26 N. E. 744.

The appeal is sustained. Settle order on notice, reversing order fixing tax, and adjudging that there is no property of the decedent in this state subject to the provisions of the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245).